**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**THIRD DIVISION**

---

MICHAEL CHRISTIAN and SHIRLEY BEBENSEE, on behalf of themselves and all others similarly situated,

Plaintiffs,

Civil No. 00-932 DWF/AJB

v.

**ORDER**

SONY CORPORATION OF AMERICA and SONY ELECTRONICS, INC.,

Defendants.

---

This matter came before the Court on Plaintiffs' Motion to Compel Discovery. Based on the file, affidavits, memoranda and arguments of counsel,

**IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' Motion to Compel Discovery is **granted in part, denied in part, and dismissed in part** [Docket No. 37];
2. Defendants shall answer Plaintiffs' Document Request No. 10;
3. Defendants shall answer Plaintiffs' Document Request No. 4, but only if class certification is granted in this matter;
4. To the extent that it seeks answers to Requests Nos. 5, 6 & 7, the motion presents no controversy and is dismissed without prejudice as moot;
5. The discovery taken by the parties in this case shall be conducted subject to the following conditions:

   A. Any and all documents or things or information produced or otherwise furnished by any of the parties in informal or other discovery that the producing party believes in good faith contains trade secret or other confidential commercial, proprietary or personal information may be designated "CONFIDENTIAL

FILED APR 24 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

MATERIAL" by the producing party by stamping or marking on the documents or other material (or part(s) thereof) the term "CONFIDENTIAL." Such a designation shall not be made on a wholesale basis but shall be limited to the documents, testimony, information or material which counsel in good faith concludes after a reasonable inquiry contain confidential research or commercial information, other confidential business information, or trade secret information. Those documents or other materials shall be maintained by the other parties to this action and their counsel in confidence and used only for the purposes of this litigation, and shall not be communicated or used for any other purpose. A party's use for any purpose of its own documents and information which that party produces or discloses in this action shall not be considered a violation of this Order. Further, this Order applies only to information furnished by parties and non-parties that is not otherwise publicly available, and does not apply to material that was acquired by the receiving party from a third-party not subject to this Order. To the extent that any confidential items are filed with the Clerk of Court or with the Court, they shall be placed in an envelope marked "CONFIDENTIAL MATERIALS SUBJECT TO PROTECTIVE ORDER" and sealed. Such sealed envelopes shall be opened only by the Clerk of Court or by the Court, or their agents.

B. Neither the parties nor their counsel shall disclose or permit the disclosure of the documents or other information designated as "CONFIDENTIAL" to anyone other than: (i) partners, associates, legal assistants or employees of outside litigation counsel to this action; (ii) three (3) in-house counsel for the defendants; (iii) three (3) employees of Sony Electronics Inc. and Sony Corporation of America (collectively, "Sony") designated to receive such information who reasonably need such information for the defense of this litigation; (iv) named plaintiffs; (v) any expert(s) or consultant(s) retained in connection with the

preparation for and hearing of this proceeding and their staffs; (vi) the Court and the Court's administrative personnel; (vii) special masters or mediators; (viii) court reporters and their staff; (ix) independent contractors, including their staff, engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing or retrieving data, documents or information, or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system; (x) any witness while actually testifying at a deposition, hearing, or trial, if the disclosing party in good faith deems the disclosure necessary for the purpose of the prosecution and/or defense of this action; and (xi) any person whom counsel for a party in good faith believes is likely to be a witness at, or who may provide evidence in connection with, a deposition, hearing or trial, or with the prosecution and/or defense of this action.

C. A party may also, in good faith, designate as confidential in whole or in part, materials which contain trade secrets or other confidential or proprietary information and which are to be disclosed or produced to another party in this action but subject to additional restrictions. Such designation shall be made by marking the documents or material (or part(s) thereof) in a conspicuous manner. The marking shall state "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or some similar marking. Such a designation shall not be made on a wholesale basis but shall be limited to the documents, testimony, information or material which counsel in good faith concludes after a reasonable inquiry contain confidential research or commercial information, other confidential business information or trade secret information warranting this higher level of protection. Access to materials designated "CONFIDENTIAL - ATTORNEYS' EYES ONLY" is limited to: (i) outside litigation counsel for the parties, the employees or agents of such counsel actually assisting such counsel in preparation of this case; (ii)

in-house counsel of Sony who are involved in directing its outside litigation counsel; (iii) any experts or consultants who are not employed by the parties, but who are retained to assist counsel in these actions; (iv) court reporters and their staff; (v) the Court and the Court's administrative personnel; (vi) special masters or mediators; and (vii) independent contractors, including their staff, engaged in one or more aspects of organizing, copying, imaging, filing, coding, converting, storing or retrieving data, documents or information, or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system. To the extent that any such items are filed with the Clerk of Court or with the Court, they shall be placed in an envelope marked "CONFIDENTIAL MATERIALS SUBJECT TO PROTECTIVE ORDER" and sealed. Such sealed envelopes shall be opened only by the Clerk of Court or by the Court, or their agents.

D. Counsel for all parties additionally shall be permitted to discuss, in general terms only, the contents of materials and information designated as "CONFIDENTIAL - ATTORNEYS' EYES ONLY" with no more than three (3) party representatives and the two named plaintiffs, who shall be party representatives designated to see materials designated as "CONFIDENTIAL" pursuant to Part B, but only to the extent necessary to render legal advice and to report on the progress of the lawsuit.

E. Any copies, photographs, depictions, excerpts, notes concerning, or other information generated from an inspection of the matters designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," and any motion papers, memoranda or other documents filed with the Court that quote from, attach or include documents, testimony or other matter designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," shall

be treated in the same manner as the underlying documents, testimony or other matter.

F. Documents or other information designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" may be used in connection with depositions or hearings before the Court. Deposition or hearing transcripts or portions thereof which record testimony concerning confidential documents or information may be marked as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" by any party within twenty (20) days after receiving the transcript. Deposition or hearing transcripts may not be made available to anyone other than the persons noted above in Part B during the twenty (20) days provided to make confidentiality designations. The party wishing to make such designations shall advise all other parties in writing, and the portion(s) of the transcript designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall thereafter be treated as subject to the terms of this Order.

G. To designate information as Confidential Material, a source must so mark it "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," or, in the case of a deposition or hearing transcript, designate it as provided above. The source must mark each page of each document and/or each significant component of any other objects containing Confidential Material with the required designation. In no event shall an entire page be designated as Confidential Material when only part of the page can be redacted to maintain the necessary confidentiality level. All such notices of such designation shall be affixed in a manner that does not interfere with the legibility or use of the materials. A cover letter can be used, if appropriate, to designate computerized data as Confidential Material, but must specifically designate the portion of the computerized data that reasonably is subject to such designation.

H. The use and handling of Confidential Material at the time of trial shall be addressed in the final pretrial order. No advance notice need be given to the producing party if Confidential Material will be used at a pretrial hearing.

I. No one entitled to receive "CONFIDENTIAL" information or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information shall disclose or permit the disclosure of the documents or other information to anyone other than those permitted to receive such information under this Order. However, notwithstanding any provision herein to the contrary, if any party under this Order should conclude in good faith that for the purpose of this action, it needs to disclose any of the information contained in any Confidential Material, or any information derived from such material to any person not described in parts A or B of this paragraph, it may request permission from counsel for the designating party to do so. If counsel cannot agree as to the disposition of such a request, application to the Court for a ruling on such request may be made.

J. A party designating materials as Confidential Material may, directly or through its counsel of record, agree to withdraw the designation.

K. Except for counsel of record for the parties (including partners, associates, legal assistants or employees of their law firm), all persons other than the producing party or its counsel to whom any information subject to this Order is disclosed shall, prior to any disclosure to them, be provided a copy of this Order and must execute a protective agreement in the form attached as Exhibit A to this Order. The requirement of a protective agreement prior to disclosure of documents or information subject to this Order shall not apply to any witness shown documents designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" for the first time in a deposition. The party wishing to show a witness documents during a deposition which have been designated as

"CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall request that the witness execute a protective agreement in the form attached as Exhibit A, but is not required to end the deposition if the witness refuses. The parties will in good faith attempt to have "Exhibit A" signed before a deposition begins.

L. Nothing contained in this Order shall restrict or prevent any party to this action from disclosing or otherwise using (i) its own documents and information which that party produces or discloses in this action, or (ii) any matter produced or disclosed in this action not subject to this Order and not designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

M. Parties may designate only their own documents or materials as Confidential Material. A producing entity or person who is not a party in this action may designate as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," within the definitions set forth herein only such testimony, information, documents or things that he or it has produced or provided in the action. Such non-party shall have the right to appear in this action to protect its confidentiality interest.

N. The following procedures shall govern any challenges to Confidential Material designations:

(i) If a party reasonably believes that information should not be designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY," it must specify to the source in writing (a) the information at issue, and (b) its grounds for questioning the designation. The source must respond in writing within ten (10) business days.

(ii) If after proceeding in accordance with subpart (i), the party challenging the designation is not satisfied that the designation is warranted, it may move the Court to lift the designation. The party or source seeking to maintain

the designation shall bear the burden of demonstrating the appropriateness of such designation both under this Order and applicable statutory law and case law.

O. Counsel may exclude from the room during a deposition, hearing or other proceeding any person (other than the witness who is then testifying) who is not entitled under this Order to receive or review documents or information designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY."

P. Any party receiving "CONFIDENTIAL" information or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information shall maintain such information in a safe and secure area and exercise reasonable care in preserving the confidentiality of such information.

Q. Except as provided in the next sentence, upon the final conclusion of this proceeding, including any appeal, or upon the settlement and/or dismissal of the proceeding, all documents and things or information subject to this Order shall be returned to the party which produced them, or shall be destroyed. Notwithstanding the preceding sentence, with respect to those Confidential Materials which outside and inside counsel reasonably and in good faith believe reflect attorney work product or attorney-client communications, such counsel for the parties may retain such materials in their possession. For example, outside counsel for each of the parties may retain their copies of correspondence, pleadings, briefs, exhibits to pleadings and deposition transcripts, and hearing and trial exhibits and all notes, outlines, or other work product of the parties' attorneys that contain Confidential Material.

R. Any party may apply to the Court at any time for modification of this Order.

S. The failure to designate information in accordance with this Order or the failure to object to a designation at or within a given time shall not preclude the filing of a

motion at a later date seeking to impose such designation or challenge the propriety thereof. This Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery. Nor shall compliance with this Order operate as an admission as to the admissibility of any information at trial.

T. Nothing contained in this Order, nor any action taken in compliance with it, shall operate as an admission by any party or third party that any particular information is or is not "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" matter within the contemplation of the law, or prejudice in any way the right of any party or third party to seek a Court determination of whether or not any particular materials should be disclosed or if disclosed whether or not it should be subject to the terms of this Order.

U. The provisions of this Order shall not preclude any party from seeking from the Court, for good cause shown, additional protections or limitations on the use of certain documents or information as permitted by Fed. R. Civ. P.26(c). Nor shall any party be precluded from moving the Court for relief from this Order if, in practice, the terms of the Order are inhibiting the efficient conduct of this litigation.

Dated: 4/24/01

Arthur J. Boylan
United States Magistrate Judge

**EXHIBIT A**

PROTECTIVE AGREEMENT

I hereby acknowledge that I am being given access to "CONFIDENTIAL" information or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information that is the subject of a Protective Order in the case entitled Michael Christian and Shirley Bebensee, on behalf of themselves and all others similarly situated vs. Sony Corporation of America and Sony Electronics Inc., Civ. No. 00-CV-932 DWF/AJB pending before the United States District Court for the District of Minnesota. I agree that I shall maintain that "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" documents and information in confidence and will use it for no other purpose than as provided in the Protective Order. I understand that I can be subject to sanctions for violation of this agreement. I further agree that upon the conclusion of my having any need for further access to "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" documents and information provided to me, upon the final termination of this litigation (including appeals, if any), or upon request by the person making them available to me or order of the Court, I shall return to the person making them available to me all such documents and information provided and all copies thereof.

______________________________
Printed Name

______________________________
Signature

Address:
______________________________
______________________________
______________________________

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

**Clerks Notice In Re: Protective Order**

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.